```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                      )
                                    )
       Plaintiff,                   )
                                    )
    v.                              ) C.A. No. 07-1491 (JDB)
                                    )
U.S. POSTAL SERVICE,                )
                                    )
       Defendant.                   )
                                    )
```

### DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1), and (6), to dismiss this action. In the alternative, this Court should enter summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.[1]

---

[1]   Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4818
Washington, D.C.  20530
(202) 514-7236

---

is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                      )
                                    )
         Plaintiff,                 )
                                    )
    v.                              ) C.A. No.07-1491 (JDB)
                                    )
U.S. POSTAL SERVICE,                )
                                    )
         Defendant.                 )
_____ )
```

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR,
## <u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

### <u>INTRODUCTION</u>

Plaintiff has requested one item in a Freedom of Information Act ("FOIA")[1] request to the United States Postal Service ("USPS"). As set forth in the accompanying Declaration of Joyce Blakley, the USPS has found no responsive documents in its files because the record has been purged from the system in the ordinary course of business and now no longer exists.[2] This action should therefore be dismissed or summary judgment granted in favor of the Defendant.

---

[1] <u>See</u> 5 U.S.C. § 552.

[2] The Domestic Mail Manual requires that records of certified mail be kept for 2 years. Mr. Elliott requested record of certified mail sent in September of 2001. The records, if any existed, would have been destroyed after September of 2003.

ARGUMENT

In a FOIA request dated April 5, 2007, Plaintiff stated, "I mail out postage prepaid certified mail in 2001 of September and I want to purchase the documents, and/or any other records responsive to my request." Complaint at 1; Blakley Decl. at 4. & 5. At the time of the request, USPS had no such documents in its possession. Blakley Decl. at 6 and 8; May 2, 2007 letter from Alice M Parks to plaintiff, attached to Complaint; July 26, 2007 letter from Anthony V. Alverno to plaintiff, attached to Complaint (hereinafter 'Alverno letter". Consistent with USPS retention and disposal procedures, domestic mail delivery records are retained for one year, while domestic mail acceptance receipt records are retained for two years. Blakely Decl. at 8; Alverno letter.

The Postal Service no longer has a record of the piece of certified mail requested by Plaintiff. Plaintiff's request in April 2007 was more than three years beyond the retention period for the record. After searching the Track and Confirm database and confirming that any responsive records would no longer be retained pursuant to Defendant's retention and disposal procedures, after the filing of this Complaint, Defendant made yet another search for responsive records, which did not result

3

in the location of any responsive records.  Blakley Declaration at 10 and 11.

In a FOIA action, the courts have jurisdiction only when an agency has improperly withheld agency records.  5 U.S.C. ' 552(a)(4)(B).  "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'"  Trueblood v. U.S. Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. United States State Dept., 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).  Because no records responsive to Plaintiff's request exist, this case is now moot and should be dismissed.  See  Blakley Decl. at 6,8 and 10.

## CONCLUSION

WHEREFORE, Defendant respectfully submits that the Court lacks jurisdiction in this lawsuit and that dismissal is appropriate.

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4818
Washington, D.C.  20530
(202) 514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                        )
                                      )
       Plaintiff,                 )
                                      )
  v.                                  ) C.A. No. 07-1491 (JDB)
                                      )
U.S. POSTAL SERVICE,                  )
                                      )
       Defendant.                 )
                                      )

STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE

    Defendant submits the following statement of material facts as to which there is no genuine dispute:

    1.  In a Freedom of Information Act ("FOIA") request dated April 5, 2007, Plaintiff requested one item with respect to the following: "I mail out postage prepaid certified mail in 2001 of September and I want to purchase the documents, and/or any other records responsive to my request." Complaint, Blakley Decl. at 5.

    2.  A search for the records requested by plaintiff was undertaken in May of 2007 in the "Track and Confirm" database, and no responsive records were found. Blakley Decl. at 6.  Letter from Alicia M. Parks to Plaintiff, attached to Complaint.

    3.  In addition to confirming that the above database search found no responsive records, Defendant advised plaintiff on June

1

26, 2007 that the retention period for domestic mail acceptance receipt records like those he requested was two years, and that, therefore, Defendant did not have records responsive to Plaintiff's request. Blakley Declaration at 8, June 26, 2007 letter from Anthony V. Alverno to Plaintiff, attached to Complaint.

    4. In response to plaintiff's Complaint, Joyce J. Blakley, Paralegal Specialist for the Office of Chief Counsel of Defendant, made an additional search of the relevant data base and with local postal authorities for the records requested by Plaintiff, which resulted in no responsive records. Blakely Declaration at 10 and 11.

                    Respectfully submitted,

                    ___/s/_____
                    JEFFREY A. TAYLOR, D.C. BAR #498610
                    United States Attorney

                    __/s/_____
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney

                    __/s/_____
                    ALEXANDER D. SHOAIBI, D.C. Bar # 423587
                    Assistant United States Attorney
                    5O1 Third Street, N.W., Rm E-4818
                    Washington, D.C.  20530
                    (202) 514-7236

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum, statement of material facts, and a proposed Order has been made by mailing copies thereof to:

DAMON ELLIOTT
Fed. No.: 31034-037
F.C.C. U.S.P.- 2
P.O. Box - 1034
Coleman, FL 33521

on this 9th  day of October, 2007.


                                      Alexander D. Shoaibi
                                      Assistant United States Attorney
                                      Judiciary Center Building
                                      555 4th Street, N.W.; Room E-4218
                                      Washington, DC  20530
                                      (202) 514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT, )
 )
      Plaintiff )
 )
 ) Civil Action No.1:07CV1491
v. )
 )
 )
 )
UNITED STATES POSTAL SERVICE, )
 )
 )
      Defendant )
 )

## DECLARATION OF JOYCE J. BLAKLEY

I, **Joyce J. Blakley**, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. I am a paralegal specialist in the Office of the General Counsel for the Postal Service, in Washington, D.C. I have served in the Office of the General Counsel at all times relevant to the above-captioned case.

1

2. The Postal Service is the official custodian of all non-law enforcement records relating to the delivery of mail including delivery point address records, maintained by the Postal Service. The official data base of this record is the Track and Confirm data base. One of the delegated functions of my office is the processing of appeals from denials of requests for access to Postal Service records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5 U.S.C. §552a (1988). I review requests under these Acts which are referred to the Postal Service, conduct searches to locate responsive records and prepare responses of the Postal Inspection Service to the requester(s). It is the responsibility of this office to make the determinations to withhold or to release records of the Postal Service in accordance with the provisions of both the FOIA and PA, and Postal Service regulations 39 C.F.R. § 265.1 et. seq. I have the delegated authority to release and/or withhold records requested pursuant to the FOIA and PA, and to advocate the position of the Postal Inspection Service in actions brought under these Acts.

3. I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties.

4. Elliot Damon made one request for information in a letter dated April 5, 2007.

5. The request was, "I mail out postage prepaid certified mail in 2001 of September and I want to purchase the documents, and/or any other records responsive to my request."

Oct-04-2007 03:04 PM USPS Washington DC (HQ 2022685418
Case 1:07-cv-01491-JDB    Document 12-2    Filed 10/05/2007    Page 3 of 6    4/7

3

6. Mr. Elliott's request was considered, researched and responded to by letter dated May 02, 2007, by Alice M. Parks, Consumer Research Analyst who sent a copy of the negative result of the "Track and Confirm" database and appeal rights with her response which said, " A search for the requested records yield no results."

7. By letter dated May 30, 2007, Mr. Elliott requested an appeal because, "...I mailed out a postage prepaid certified letter in 2001 of September and I have the return receipt as merchandise to prove it."

8. By letter dated June 26, 2007, Anthony F. Alverno, Chief Counsel for Customer Programs responded with his decision on appeal which attempted to explain to Mr. Damon that the search was adequate and he found no record responsive to Elliott's request and explained the record retention periods for mail delivery and acceptance records which had lapsed in 2007 for mail sent in 2001.

10. Although no responsive records were found relevant to this request in Track & Confirm, I also made effort to find any document which would suggest the possible existence of a Postal Service document. I checked the national database and local postal facility files but no additional documents were found.

11. In searching records relevant to the instant request, I spent about one hour.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2007.

_____
Joyce J. Blakley
Paralegal Specialist
Office of the Chief Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT, )
)
        Plaintiff )
)
)
) Civil Action No.1:06CV2134
  v. )
)
)
)
UNITED STATES POSTAL SERVICE, )
)
)
        Defendant )
)

### DECLARATION OF JOYCE J. BLAKLEY

I, **Joyce J. Blakley**, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. I am a paralegal specialist in the Office of the General Counsel for the Postal Service, in Washington, D.C. I have served in the Office of the General Counsel at all times relevant to the above-captioned case.

2. The Postal Service is the official custodian of all non-law enforcement records relating to the delivery of mail including delivery point address records, maintained by the Postal Service. The official data base of this record is the Track and Confirm data base. One of the delegated functions of my office is the processing of appeals from

1

denials of requests for access to Postal Service records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5 U.S.C. §552a (1988). I review requests under these Acts which are referred to the Postal Service, conduct searches to locate responsive records and prepare responses of the Postal Inspection Service to the requester(s). It is the responsibility of this office to make the determinations to withhold or to release records of the Postal Service in accordance with the provisions of both the FOIA and PA, and Postal Service regulations 39 C.F.R. § 265.1 et. seq. I have the delegated authority to release and/or withhold records requested pursuant to the FOIA and PA, and to advocate the position of the Postal Inspection Service in actions brought under these Acts.

3.   I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties.

4.   Elliot Damon made one request for information in a letter dated April 5, 2007.

5.   The request was, "I mail out postage prepaid certified mail in 2001 of September and I want to purchase the documents, and/or any other records responsive to my request."

6.   Mr. Elliott's request was considered, researched and responded to by letter dated May 02, 2007, by Alice M. Parks, Consumer Research Analyst who sent a copy of the negative result of the "Track and Confirm" database and appeal rights with her response which said, " A search for the requested records yield no results."

2

7.  By letter dated May 30, 2007, Mr. Elliott requested an appeal because, "...I mailed out a postage prepaid certified letter in 2001 of September and I have the return receipt as merchandise to prove it."

8.  By letter dated June 26, 2007, Anthony F. Alverno, Chief Counsel for Customer Programs responded with his decision on appeal which attempted to explain to Mr. Damon that the search was adequate and he found no record responsive to Elliott's request and explained the record retention periods for mail delivery and acceptance records which had lapsed in 2007 for mail sent in 2001.

10. Although no responsive records were found relevant to this request in Track & Confirm, I also made effort to find any document which would suggest the possible existence of a Postal Service document. I checked the data base and local postal authorities in the area.

11. In searching records relevant to the instant request, I spent about one hour. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2007.

*Joyce J. Blakley*
Joyce J. Blakley
Paralegal Specialist
Office of the Chief Counsel

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOT,  )  ) | |
| Plaintiff pro se,  )  ) | |
| v.  )  ) | Civil Action No. 07-1941 (JDB) |
| UNITED STATES POSTAL SERVICE,  )  ) | |
| Defendant.  ) | |

**ORDER**

**UPON CONSIDERATION** of defendant's motion to dismiss or, in the alternative, motion for summary judgment, plaintiff's opposition and any reply, it is hereby **ORDERED** that the motion is **GRANTED**, and that defendant's complaint shall be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007